NATIONAL COLD STORAGE Co., INC., Appellant, *v.* PORT OF NEW YORK AUTHORITY, Respondent.

First Department, July 10, 1962.

22

*William A. Moore* of counsel (*Choate Reynolds Huntington &
Hollister*, attorneys), for appellant.

*Daniel B. Goldberg* of counsel (*Joseph Lesser* and *Isobel E.
Muirhead* with him on the brief; *Sidney Goldstein*, attorney),
for respondent.

BERGAN, J. Long-term leases for land and buildings executed
in 1914 and 1915 by plaintiff's predecessor as tenant and by
defendant's predecessor as landlord, made provision for the
payment by the tenant of taxes and other charges imposed on
the property by public authority.

Defendant Port of New York Authority acquired some of this
property in 1956 subject to the leases. The payment of taxes
by the Port Authority to the City of New York differed in essen-
tial obligation from that of a private owner and was governed
by statutes authorizing an agreement between the city and the
Authority for the payment of sums in lieu of taxes. (L. [N. Y.]
1931, ch. 553; Laws of New Jersey, 1931, ch. 69.)

Such an agreement having been made the question presented
by this action is whether plaintiff is obligated within the terms
of its lease to reimburse defendant for these sums.

The problem is somewhat complicated by the fact that title to
some of the buildings, as distinguished from the land, which had
been supposed by both sides and by the city to have been acquired
by the Port Authority, is in the plaintiff. The actual facts of
this title were not discovered until after this action was under
way.

The language of the 1914 and 1915 leases in respect of payment by the tenant of taxes and other charges imposed upon the premises is very broad; and it seems to us to sweep within its coverage the kind of arrangement, contemplated and authorized by statute, and executed in pursuance of law, between two public authorities, which appears in this record. This placed the defendant as a public authority in substantially the same position as a private owner in respect of an obligation to pay sums the equivalent of taxes.

The legislative purpose of the statutes authorizing agreements in lieu of taxes between city and Authority was that the " municipalities in the port of New York district, may not suffer undue loss of taxes and assessments " because of the Authority's ownership of property. To this end the statutes authorize the Port Authority to " undertake to pay a fair and reasonable sum or sums annually " but " not in excess of the sum last paid as taxes upon such property " prior to its acquisition.

The leases in identical language required the tenant to pay all taxes on the property, " and charges, of every nature and kind soever, * * * which shall * * * be charged * * * or grow due or payable out of or for " the premises " by virtue of any present or future law, rule, requirement, order, direction, ordinance or regulation of * * * any authority whatsoever ".

Thus the agreement between the Authority and the city by which the Authority's immunity from taxation was waived in pursuance of the purpose and sanction of statutes which expressly authorized the Authority " to undertake to pay " sums in substitution of taxes, and tying in these amounts to the amounts last assessed as taxes, seems to fall within the broad language of the leases.

Here, evidently, is a charge which grows due " out of or for " the property, payable by virtue of law, and imposed by order or regulation of public authority pursuant to law. The agreement between the city and Authority on the subject is essentially an act of sovereign authority which brings the charge made within the scope of the leases. That the Authority is also plaintiff's landlord is not an answer to the binding effect on the tenant of the agreement. (Cf. *Bush Term. Co.* v. *City of New York,* 282 N. Y. 306.)

Thus we reach the conclusion that the court at Special Term was right in granting declaratory judgment for defendant and sustaining the obligation of plaintiff to reimburse defendant for the amounts payable by defendant to the city as the equivalent

of taxes. The court at Special Term therefore properly denied relief in the way of reimbursement for sums paid to the city by defendant in lieu of taxes on the land and one building owned by defendant.

But as to the six buildings now conceded to be owned by plaintiff upon account of which plaintiff mistakenly paid $13,667 to defendant in lieu of taxes, a closer question arises. The equitable principle that reimbursement would ordinarily follow a mutual mistake of this sort ought not be followed out literally if plaintiff would receive a windfall and escape taxes on its own property during the period in dispute.

Defendant concededly applied this money which was paid by plaintiff on account of the buildings now shown to be owned by plaintiff, to the city in lieu of taxes. The sums thus paid to the city were attributable to these buildings which the Authority then believed it owned. Thus plaintiff may be deemed to have authorized defendant to pay on account of taxes that which plaintiff itself should have paid. At any rate no equitable right to reimbursement on the ground of mistake is demonstrated.

Defendant's argument that the '' difference between the payments ordered by the declaratory judgment and the actual payments made represents the tenant's obligation to pay real estate taxes on its own buildings, for which restitution will not be granted '' is, therefore, right as far as it goes (*Rockwell* v. *New Departure Mfg. Co.,* 102 Conn. 255; *Mercury Mach. Importing Corp.* v. *City of New York,* 3 N Y 2d 418).

But the assertion by plaintiff on this appeal on the basis of the public records of the Supreme Court, New York County, that the city is attempting to collect from plaintiff for the period in issue the full amount of taxes and interest on the six buildings now shown to be owned by plaintiff and for which restitution has been refused under this judgment, is not disputed by defendant.

If such payment is ultimately required, the resolution of the equities between plaintiff and defendant might well take a different direction and equity would doubtless strive to find some pragmatic way to avoid a double payment on account of these taxes. In affirming the judgment we do so leaving it open to the plaintiff either to institute a new action, or to apply in this action for the modification of the judgment as the equities of the parties may then appear, if in the pending litigation between plaintiff and the city, it is determined that plaintiff is liable directly to the city for taxes on the six buildings for which payments have been made by the defendant in lieu of taxes.

The order and judgments appealed from should be affirmed, with costs.

BREITEL, J. P., RABIN, McNALLY and EAGER, JJ., concur.

Order and judgments unanimously affirmed, with costs to respondent.